# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JUAN ANTONIO PALACIOS, | ) | CASE NO.  4:10CV556 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA, et | ) | |
| al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Juan Antonio Palacios brings this action alleging a violation of the Federal Torts Claims Act ("FTCA"), 28 U. S. C. § 2671 *et seq*. The Defendants are the United States of America, Drug Enforcement Administration ("DEA"), Immigration and Customs Enforcement ("ICE"), Federal Bureau of Investigation ("FBI"), Tennessee Bureau of Investigation, and the Warren County Sheriff's Office and Special Operations Response Teams. Plaintiff alleges that on November 2, 2007, he was arrested along with six other individuals in a combined operation of federal and state agencies. While he was a passenger in a brown Mercury automobile, the driver drove away in an attempt to escape. At that moment, law enforcement agents, located behind the Mercury and others on the driver's side fired their weapons. Plaintiff asserts that the agents were not at risk since the Mercury was moving away from them. As a result, Plaintiff received two gunshot wounds to his upper back. He was then arrested. He

contends that such conduct constitutes assault and battery and abuse of process. Palacios filed an administrative claim with the DEA, as required to proceed under the FTCA, received by the agency on August 27, 2009. (Doc. 1-1.) As of the filing of the Complaint on March 16, 2010, he has received no response.[1]

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the Court finds that the claim against six of the Defendants in this action satisfies these criteria.

The doctrine of sovereign immunity protects the United States against suit, unless it waives this immunity and consents to be sued. *Center for Bio-Ethical Reform, Inc. v. City of Springboro,* 477 F.3d 807, 820 (6th Cir. 2007) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Butz v. Economou,* 438 U.S. 478, 504 (1978)*; Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 115 (6th Cir. 1988)). The Federal Torts Claims Act ("FTCA") makes suit against the United States the exclusive remedy for common-law torts. Therefore, federal agencies and their employees are immune from suit under the FTCA. *Fiqueroa v. U.S. Postal Service*, 422 F. Supp.2d 866 (N.D. Ohio 2006) (citing *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991)). Accordingly, the DEA, ICE and the FBI are dismissed from this action.

The Eleventh Amendment to the United States Constitution prohibits a state (or one of its

---

[1] 28 U.S.C. § 2675 provides that if an agency fails to make a final disposition of a claim within six months

agencies) from being sued in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1 (1890). The State of Tennessee has not waived its Eleventh Amendment immunity, *see Berndt v. State of Tenn*., 796 F.2d 879, 881 (6th Cir. 1986), and therefore the Tennessee Bureau of Investigation, the Warren County Sheriff's Office and Special Operations Response Teams are immune from suit. Moreover, Palacios has only asserted claims under the *Federal* Tort Claims Act, which only applies to create liability for acts or omissions of an employee of the government "while acting within the scope of his office or employment." Under the FTCA, "employee of the government" includes officers or employees of any *federal* agency, but does not include employees of a *state* agency. *See* 28 U.S.C. § 2671. Accordingly, the TBI, and the Warren County Sheriff's Office and Special Operations Response teams are dismissed from this action.

The FTCA allows tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. *Young v. United States,* 71 F.3d 1238, 1241 (6th Cir.1995); *Himes v. United States*, 2009 WL 2778216, 3 (E.D.Ky., Aug. 28, 2009). However, 28 U.S.C. § 2680 provides in pertinent part:

> The provisions of this chapter and section 1346(b) of this title shall not apply to-
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of

---

after it is filed, it may be deemed a final denial by the claimant any time thereafter.

Federal law.

The United States is immune from suit for actions of assault and battery by government employees unless the employee was an investigative or law enforcement officer. *Brooks v. Silva*, 2009 WL 1211024 at *6, 7 (E.D. Ky., May 1, 2009). Plaintiff alleges assault by federal law enforcement officers, specifically employees of the DEA, ICE and FBI. Therefore, at this time, Plaintiff may proceed with an FTCA claim against the United States.

The law of the state where the alleged injury occurred is used to determine liability. 28 U.S.C. § 1346(b); *Brooks,* 2009 WL 1211024 * 5 (citing *Arbour v. Jenkins,* 903 F.2d 416, 422 (6th Cir.1990)). In *Roberts v. Federal Exp. Corp.*, 842 S.W.2d 246, 247-48 (1992), the Tennessee Supreme Court set forth the following elements a plaintiff must prove to show malicious prosecution: (1) that the government officials instituted or continued criminal proceedings with malice; (2) that they lacked probable cause;  and (3) that the proceedings were then terminated in favor of the accused.

Examination of Plaintiff's Complaint shows that he has not satisfied the above factors. He states that he was arrested and that the agents allegedly maliciously opened fire without any reason. The charge of possession of drugs was later dismissed. His claim involves the fact that he was shot without reason by federal agents. Even though the charges were dismissed, there is nothing in the Complaint showing that the agents lacked probable cause to arrest him or institute proceedings against him.

Accordingly, DEA, ICE, FBI, Tennessee Bureau of Investigation, Warren County Sheriff's Office and Special Operations Response Teams are dismissed as party defendants. The cause of action for malicious abuse of process is also dismissed. The FTCA claim remains

against the United States. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon the remaining Defendant.

**IT IS SO ORDERED**.

Dated: May 10, 2010

                                                            
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**