UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JUAN ANTONIO PALACIOS,** | ) | CASE NO. 4:10CV556 |
| | ) | |
| **Plaintiff,** | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| **UNITED STATES OF AMERICA,** *et al.*, | ) | ORDER |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Before the Court are the following motions: (1) a renewed motion to dismiss (Doc. 25) filed by Defendant United States of America ("defendant" or the "United States") and (2) a motion for injunctive relief and/or motion for default judgment (Doc. 27) filed by Plaintiff Juan Antonio Palacios ("plaintiff" or "Palacios"). Plaintiff and defendant have filed briefs in opposition to the respective motions. (Docs. 26, 28.) This matter is ripe for disposition. For the reasons that follow, plaintiff's motions are **DENIED**, defendant's motion is **GRANTED in part**, and this case is hereby **DISMISSED**.

**I.    BACKGROUND**

*Pro se* plaintiff Palacios filed this action on March 16, 2010, seeking damages for alleged violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, against defendant United States of America and several state and federal agencies alleging assault and battery resulting from gunshot wounds he received during his arrest. (Doc. 1.) The complaint alleges that on November 2, 2007, Palacios was arrested along with six other individuals in a combined operation of federal and state agencies. (*Id*. at 1.) At the time of his arrest, Palacios

1

was a passenger in an automobile, the driver of which attempted to evade arrest by driving away from law enforcement officers. (*Id*. at 1-2.) Palacios stipulated in his plea agreement in his criminal case that the driver nearly struck the officers, and that the officers fired on the vehicle in an effort to prevent the vehicle from injuring them.[1] Palacios disputes that any officers were in danger when they shot him, and the Complaint asserts their conduct amounts to assault and battery and malicious prosecution. The Court sua sponte dismissed all but the United States of America as defendants in this action and dismissed all of plaintiff's claims except his FTCA claim. (Doc. 4.) Consequently, all that remains of the Complaint is the FTCA claim against the United States based on the underlying tort of assault and battery.

On August 17, 2010, the United States filed a motion to dismiss the Complaint under Fed. R. Civ. P 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendant argued that plaintiff could not demonstrate that a federal officer shot him, a necessary element of his FTCA claim. On August 31, 2010, Palacios filed an opposition (Doc. 9) to defendant's motion to dismiss and simultaneously filed a motion requesting laboratory (ballistics) analysis of bullet fragments removed from his shoulder (Doc. 10) and, as amended (Doc. 13), the shell casings collected at the scene of his arrest. Plaintiff argued that ballistics testing of the bullets that injured him might prove that they were fired from

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the plea agreement filed in plaintiff's criminal case, *United States v. Juan Antonio Palacios*, No. 4:07-CR-24 (Doc. 102) (E.D. Tenn. Sept. 9, 2008). *See*, *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) ("Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) Plaintiff contends that the Court should not take notice of his plea because he received ineffective assistance of counsel and/or was not given a chance to "read, digest, and understand what he is getting into." (Doc. 26 at 12.) Plaintiff's claim of assistance of counsel and his challenge to the voluntariness of his guilty plea, however, are not properly before this Court, and in any event, are both direct attacks on the validity of his conviction that would be barred under *Heck v. Humphreys*, 512 U.S. 477 (1994).

a federal officer's gun, which could support an amendment of the Complaint to include allegations that he was shot by a federal agent.

On January 20, 2011, the Court denied without prejudice defendant's motion to dismiss and granted plaintiff leave to conduct laboratory testing of the evidence. (Doc. 15.) The Court ordered the United States to produce any discoverable written reports related to the shooting and to identify the whereabouts of the bullet fragments removed from plaintiff's body. (Id. at 4.) The Court also ordered Palacios to file either an amended complaint or a statement that he did not intend to amend by April 1, 2011. (*Id.*) Further, the Court directed that the "[f]ailure to timely notify the Court" would "be construed as an intention to proceed on the basis of his original Complaint. (*Id*. at 4-5.) Finally, the Court granted the United States leave until April 15, 2011 to renew its motion to dismiss.

In early February 2011, the United States filed two affidavits in this matter (Docs. 17-1, 18-1) in which officials from the Tennessee Bureau of Investigation ("TBI") and the Drug Enforcement Administration ("DEA") averred that they were unaware of the whereabouts of the bullet fragments. On February 15, 2011, plaintiff filed a motion seeking assistance of the Court in arranging laboratory testing of the evidence. (Doc. 22.) On February 16, 2011, the Court denied plaintiff's motion, reiterating that plaintiff alone has the burden of conducting discovery to determine the whereabouts of the bullet fragments.

The first of April came and went, and plaintiff did not file an amended answer or notice of intent not to amend, nor did he otherwise indicate to the Court that he had located the bullet fragments or conducted the requested laboratory testing. Subsequently, on April 7, 2011, the United States re-filed its motion to dismiss (Doc. 25), asserting once again that no federal law

enforcement officials were responsible for the alleged assault and battery, and that, therefore, this Court lacks subject matter jurisdiction and/or plaintiff has failed to state a claim for which relief can be granted. (Doc. 25-1.) Plaintiff filed a response in opposition (Doc. 26); defendant opted not to file a reply brief. Based on defendant's lack of reply, plaintiff has filed a motion for injunctive relief and/or default judgment (Doc. 27), arguing that defendant has failed to defend or challenge his reply.

## II.   ANALYSIS

### A.  Plaintiff's Motion for Injunctive Relief and/or Default Judgment

The Court reads plaintiff's motion for injunctive relief and default judgment as a demand for judgment because defendant did not file a reply brief in further support of its motion. A movant, however, is not required to file a reply brief in support of a motion. Pursuant to Local Rule 7.1(e), "Unless otherwise ordered by the Judicial Officer, the moving party *may* serve and file reply memorandum in support of any dispositive motion […]" L. R. 7.1(e) (emphasis added). The Court has not ordered defendant to reply, nor was defendant required to do so. What is more, plaintiff would only be entitled to default judgment if defendant had "failed to plead or otherwise defend […]" Fed. R. Civ. P. 55(a). Defendant has filed both a pleading and has presented a defense to this action; defendant has filed its answer (Doc. 16), motions to dismiss (Docs. 9, 25), and has opposed plaintiff's motions (Docs. 14, 23). Accordingly, plaintiff's motion is **DENIED**.

### B.  Defendant's Motion To Dismiss Pursuant to Rule 12(b)(1)

Defendant asserts that because no federal investigative or law enforcement officer was responsible for shooting plaintiff, the waiver of the federal government's sovereign

4

immunity set forth in § 2680(h) does not apply; and, therefore, the Court lacks subject matter jurisdiction.

When subject matter jurisdiction is challenged pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party asserting jurisdiction bears the burden of establishing that subject matter jurisdiction exists. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally consist of two types – facial attacks and factual attacks. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Facial attacks to subject matter jurisdiction merely question the sufficiency of the pleadings, and courts should apply the Rule 12(b)(6) standard in considering them. *Id.* In such a case, courts should accept the allegations in the complaint as true and construe them in a light most favorable to the nonmoving party. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)).

Factual attacks, as is made here, do not question the sufficiency of the pleading's allegations, but rather contest the factual predicate for subject matter jurisdiction. *Id.* In such a case, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id.*; *Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325. In doing so, the Court has wide discretion to consider affidavits and documents outside the complaint, and may even conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins.*, 922 F.2d at 325. In connection with this analysis, the plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th

Cir. 1996). The Court may examine evidence of its power to hear a case, and must make any factual findings necessary to determine whether it has jurisdiction. *Kroll v. United States*, 58 F.3d 1087, 1090 (6th Cir. 1995); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

It is well settled that the "United States, as sovereign, is immune from suit save as it consents to be sued [ ... ] and the terms of its consent to be sued in any court defines the court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). With respect to common law torts, Congress has enacted a limited waiver of its sovereign immunity through the FTCA. At the same time Congress provided this waiver, it also enacted exceptions to such waiver for certain intentional torts. 28 U.S.C. § 2680(h). Under § 2680(h) immunity is not waived as to, "Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights."

At issue here, is the exception to this exception, which permits certain intentional tort claims against federal investigative or law enforcement officers, including assault and battery. *Id.* To maintain such a claim under § 2680(h), the plaintiff must establish that "the act complained of constitute[s] one of the enumerated intentional torts, and that the officer committing the act fit[s] the definition of 'investigative or law enforcement officer.' " *Harris v. United States*, 677 F. Supp. 403, 405 (W.D.N.C. 1988). Section 2680(h) defines "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."

In support of its motion, Defendant has submitted affidavits from several law enforcement officers that, according to defendant, demonstrate that none of the federal officers present during plaintiff's arrest were involved in the shooting. Special Agent Jeffrey Sills of the Tennessee Bureau of Investigation ("TBI") avers that he neither shot plaintiff nor ordered anyone else to shoot plaintiff, and to the best of his knowledge there were no federal agents involved in the shooting. (Sills Aff. ¶¶ 3-4; Doc. 25-3.) Special Agent Josh Melton of the TBI, a deputized Task Force Officer for United States Drug Enforcement Agency ("DEA"), avers that he was inside a nearby diner when the shooting occurred, that he did not shoot the plaintiff or order others to do so, and to the best of his knowledge there were no federal agents involved in the shooting. (Melton Aff. ¶¶ 1, 3; Doc. 25-4.) Assistant Special Agent in Charge, John Johnson, for the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), avers that he has reviewed the agency's records as pertains to the possible involvement of retired ICE agent Mark Eisenbeis, who was present at the time of the shooting but whom the agency has been unable to contact. (Johnson Decl. at 1; Doc. 25-5.) According to Johnson, agency protocol requires that an agent file a report whenever he discharges his weapon or is involved in a shooting, and agent Eisenbeis filed no such report in connection following the arrest of plaintiff. (*Id*. at 2.) Finally, Special Agent Richard Poff and Supervisory Special Agent Martin King of the Federal Bureau of Investigation ("FBI") each aver that the FBI was not involved in the investigation, the arrest, or the shooting of plaintiff. (Poff Decl. ¶¶1, 4; Doc. 25-6.) (King Decl. ¶¶ 1, 5-6; Doc. 25-7.)

Plaintiff alleges that the government agents' sworn statements are fabricated and that the agents are conspiring to cover up their involvement in his arrest and shooting. He

7

contends that the government has concealed the bullet fragments, which he asserts were given to federal officers by hospital personnel. In support of this assertion, he has submitted medical records from River Park Hospital, which he claims demonstrate that defendant has the missing evidence. Plaintiff's response brief asks the Court again to order laboratory analysis of the bullet fragments and to order the government to "find/surrender the bullet's fragments somewhere hidden in the custody of DEA or what ever (sic) the lawmen/officers." (Doc. 26 at 8.)

The Court has considered the evidence presented by the parties and concludes that plaintiff has not satisfied his burden of demonstrating that the Court has subject matter jurisdiction over this case. *RMI Titanium Co.*, 78 F.3d at 1134. Plaintiff has not come forward with any credible evidence to rebut the sworn statements submitted by defendant. He has presented no evidence to show that a federal investigative or law enforcement officer was responsible for his injuries, despite ample leave of the Court in which to conduct discovery. Nor has he presented any evidence that the federal agents involved in his arrest ordered the state officers to shoot him. [2]

The medical records submitted by plaintiff indicate that bullet fragments were removed from his wound (Doc. 26-1 at 9), and that the hospital discharged plaintiff to the custody of "police officers" (*Id*. at 5). However, the records do not indicate whether the officers were state or federal officers or even whether the bullet fragments were indeed given to those

---

[2] Plaintiff asserts that he is entitled to a hearing to challenge the veracity of the affidavits pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). In *Franks*, the United States Supreme Court held that a *criminal* defendant may challenge the veracity of a *search warrant affidavit* when he or she makes a substantial preliminary showing that the affiant made a false statement knowingly and intentionally, or with reckless disregard for the truth and that statement was necessary to a finding of probable cause. 438 U.S. at 155-56. Under such circumstances, the Court held that the Fourth Amendment requires that a hearing be held at the defendant's request. *Id.* The rule announced in *Franks*, however, has no application here, where plaintiff seeks to challenge affidavits in support of a motion to dismiss his civil suit. In any event, as outlined above, plaintiff has not presented any evidence – much less a substantial preliminary showing – that the affidavits in support of defendant's motion contain false statements. Accordingly, plaintiff's request for a *Franks* hearing is DENIED.

officers. In contrast to this, defendant has submitted affidavits in which DEA and TBI agents aver that plaintiff was released into state custody, that the federal agents are unaware of the location of the bullet fragments, and that the federal officers did not shoot plaintiff. The Court finds no evidence to counter these statements or reason to doubt the veracity of defendant's witnesses. Accordingly, the Court denies plaintiff's request for yet another order of production and/or ballistic testing—defendant cannot be compelled to produce evidence for testing that it does not have in its possession.

Absent the involvement of federal officers, the waiver of the federal government's sovereign immunity set forth in § 2680(h) does not apply. Thus, the defendant is immune from suit on plaintiff's assault claim; and accordingly, this Court lacks jurisdiction to hear this case. As for the local officers involved in his arrest, even if plaintiff could demonstrate that one of those officers shot him, "their actions cannot be the basis of liability under the FTCA because they are not federal employees." *Petty v. United States*, 80 F. App'x 986, 989 (6th Cir. 2003). Accordingly, defendant's motion to dismiss is **GRANTED**.

### C.  Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendant has further moved that the Court dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. (Doc. 25.) Because the Court has dismissed this action in its entirety for lack of subject matter jurisdiction, defendant's alternative grounds for dismissal is **MOOT**.

### III.  CONCLUSION

For all of the foregoing reasons, plaintiff's motion for injunctive relief and default judgment (Doc. 27) is **DENIED**, and defendant's motion to dismiss (Doc. 25) is **GRANTED in**

9

**part**, in so far as it seeks dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The remainder of defendant's motion, which seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is **MOOT**. This case is **DISMISSED**.

    **IT IS SO ORDERED**.

Dated: October 11, 2011

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**